14 295
30 704

14 295
50 807

THE OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. HENRY MARTIN, DEFENDANT IN ERROR.

1. **Railroad company**: RIGHT OF WAY: NEGLIGENCE. A railroad company is entitled to the exclusive use of its grounds, except at lawful crossings of public and private ways. Without a breach of legal duty, it is not guilty of actionable negligence.

2. ———. Facts of the case examined, and held not to warrant a recovery of damages.

ERROR to the district court for Lancaster county, where, upon a trial before POUND, J., the defendant in error had recovered a judgment for $3,500 on account of injuries received in the manner stated in the opinion.

*A. J. Poppleton,* and *J. M. Thurston,* for plaintiff in error, cited: 1 Thompson on Negligence, 361. *Blyth v. Topham,* Cro. Jac., 158. *Bush v. Brainard,* 1 Cowen, 78. *Howland v. Vincent,* 10 Metc., 373. *Houmel v. Smyth,* 7 C. B. (new series), 781. *Binks v. R. R. Co.,* Best & S., 244. *Hardcastle v. R. R.,* 4 Hurl. & N., 67. *Vale v. Bliss,* 50 Barb., 358. *Robbins v. Jones,* 15 C. B. (N. S.), 221. *Gramlich v. Wurst,* 86 Pa. St., 74.

*Lamb, Billingsley & Lambertson,* for defendant in error.

The road was a legal highway by force of sec. 2477 Rev. Stat. U. S. *Flint v. Gordon,* 41 Mich., 428. Railroads are liable for excavating into any traveled way or thoroughfare unless the same is protected and guarded. Gen. Stat., § 101, p. 193. A railroad company that cuts into a highway or thoroughfare, where people are constantly passing and have been accustomed to pass and repass for years, is bound to either warn the traveler, divert the road, or guard the excavation, whether said highway be legal or not. The maxim, *sic utere tuo ut alienum non lædas,* applies with full force. *Potter v. Bumell,* 20 Ohio State, 151. *Vesey v. Railway Company,* 49 Me., 119. Wharton on Negligence, § 819. Thompson on Negligence, §§ 343, 344. *Atlanta R. R. v. Wood,* 48 Ga., 568. *Judson v. R. R.,* 29 Conn., 438. *Com. v. R. R.,* 27 Penn. State, 339.

LAKE, CH. J.

A consideration of the character of the excavation into which the defendant in error fell and received his injury, and of the road along which he was traveling at the time,

will effectually dispose of the case; and to these matters we shall confine most that we have to say.

The petition charges in substance, as cause of complaint, that the railroad company had dug and left unguarded "a deep, wide, and dangerous ditch and excavation," across a "public road and highway," which was "usually traveled by the public," * * * between Raymond and Valparaiso, in Lancaster county, into which the defendant in error drove his heavily loaded wagon, which was thus upset, and the injury complained of caused. It appears that the ditch or excavation was made during the fall of 1879, and the injury occurred in March, 1880.

The evidence shows that this excavation was made within the right of way of the railroad company, in grading its track, which appears to have been done in all respects in the usual manner of such work. Indeed, there is an entire want of evidence tending to show anything unusual in the work, or distinguishable from the ordinary methods of railroad grades in similar localities. There was nothing, therefore, in the character of the excavation, or in the act of making it, which can render the company liable to the charge of wrong doing, or of which any one can rightly complain. Within its right of way a railroad company doubtless has the right to make such ditches and excavations as may be necessary or proper in constructing its road, due regard being had for the rights of others. And this leads us to the inquiry of whether there was any want of such regard in leaving the excavation "open, exposed, and unguarded."

It is shown conclusively that where Martin was traveling when he was injured, was not along a legal highway. It had neither been laid out, nor in any way recognized by the county authorities as such. It was merely a permissive way, consisting in some places of one, and in others of several tracks, adopted by travel, and used for several years before the construction of the railroad. For quite a dis-

tance these tracks ran almost parallel with the railroad, which, near where the accident occurred, actually cut into and across them, so that travel had been forced to go further westward upon the prairie, where there was ample room, until the public road was reached a short distance above. In the darkness of the night Martin had the misfortune to follow one of these abandoned tracks, which at this point had not been used for several months, and thus ran his wagon upon the railroad right of way, and into the excavation. It is conceded that the railroad company had erected no guard or barrier to prevent persons from driving upon its right of way, or from falling into these excavations, and that it had made no crossing for teams where the railroad cut through these old tracks. Do these omissions render the company guilty of negligence in its duty to the public, and liable to Martin for his loss? No case has been cited by counsel which would support us in so holding, and we are of opinion that they do not.

As before suggested, the company, in doing what it did, was in the lawful use of its own property. A railroad company is entitled to the exclusive use of its grounds, "except at lawful crossings of public and private ways." Pierce on Railroads, 402. Where the accident happened there was neither a public nor private way. It is true that after the grading for the railroad, in October and November, 1879, by which the course of travel was necessarily interrupted and changed, it had to some extent continued to follow alongside of, and near or upon the company's right of way, although a convenient public road had been laid out and opened to travel in the vicinity. But for this continuation of travel along and upon its right of way, the railroad company was nowise responsible. Not only had it done nothing to invite it to go there, but it had done all that the law required of it in the matter of providing suitable crossings at all public roadways passing over its track. Actionable neg-

ligence is said to involve the breach of a legal duty. Pierce on Railroads, 310. Here, as we have shown, there was no breach of legal duty, for the company was in the legitimate use of its own property, and was under no obligations to care for the safety of those who voluntarily or negligently went upon its right of way at the place where the accident to the defendant in error happened. 1 Thompson on Negligence, 361. *Bush v. Brainard,* 1 Cowen, 78. *Howland v. Vincent,* 10 Met., 371. *Clary v. The Burlington & Missouri R. R. Co., ante* p. 232.

In *Pittsburg, etc., R. W. Co. v. Bingham Admrx.,* 29 Ohio St., 364, it is said of the principle governing this case, that it "recognizes the right of the owner of real property to the exclusive use and enjoyment of the same, without liability to others for injuries occasioned by its unsafe condition where the person receiving the injury was not in or near the place of danger by lawful right, and where such owner assumed no responsibility for his safety by inviting him there without giving him notice of the existence or imminence of the peril to be avoided. In such cases the maxim, *sic utere tuo ut alienum non lædas,* is in no sense infringed. Where no right has been invaded, although one may have injured another, no liability has been incurred." We think this rule, so clearly expressed, is entirely applicable to the facts of this case, and that under it none of the acts of the railroad company, either of commission or of omission, amounts to actionable negligence. In making the excavation, which was several feet within its right of way, no right of the public, or of Martin, was in the least degree trenched upon, for there that of the company was exclusive.

On a careful examination of the evidence, we are of the opinion that it makes no case for a recovery of damages. The judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.