60    APPELLATE COURT OF INDIANA,

The Lake Shore and Michigan Southern Railway Company *v.* Kurtz.

No. 863.

## The Lake Shore and Michigan Southern Railway Company *v.* Kurtz.

Master and Servant.—*Personal Injury.—Defective Appliance.—Complaint Must Allege that Master Had Notice.*—A complaint by a servant against the master to recover damages for personal injuries alleged to have been sustained by reason of defective machinery or appliances, must allege either that the master had notice of the defect, or facts from which notice follows as a necessary inference.

Same.—*Averment as to Notice a Matter of Substance and Not of Form.—Failure to Aver Not Cured by Special Finding.*—Knowledge of defects on the part of the master is a matter of substance, and a complaint which is bad for the want of an averment as to such knowledge is not cured, so as to prevent a reversal, by a special finding upon the subject.

From the Elkhart Circuit Court.

*F. E. Baker, C. W. Miller, J. C. Green* and *O. G. Getzendanner,* for appellant.

*H. C. Dodge,* for appellee.

Lotz, J.—The appellee was employed by the appellant as a brakeman on its railroad. While so employed he received personal injuries, which, he alleges, were caused by the negligence of the appellant.

Appellant's demurrer for want of sufficient facts was overruled to the complaint; and it then answered in two paragraphs. A demurrer was sustained to the first; the second being the general denial.

William J. Davis was appointed special judge to try the case, and to his appointment appellant objected, and renewed its objections to the said special judge presiding, and proceeding to try said cause, at the first opportunity, when said Davis proceeded to act therein. The trial resulted in a verdict for appellee in the sum of $1,217.41, and final judgment followed.

The Lake Shore and Michigan Southern Railway Company *v.* Kurtz.

A motion for a new trial was overruled. Appellant excepted to these various adverse rulings, and assigns each of them as error in this court.

The complaint is in one paragraph. Omitting the formal parts, the substantial averments are: That on the 7th day of November, 1889, plaintiff was in the employ of the defendant as a brakeman on its freight trains; that on said day he was on one of the cars belonging to the defendant, attached to train No. 47, en route for the city of Chicago, and in the discharge of his duty as said brakeman; that while so engaged he received orders to set the brake on said car for the purpose of stopping said train at Miller's Station; that while engaged in setting said brake in obedience to said order, the brakeshaft broke in plaintiff's hands and threw plaintiff off said car, causing him great and permanent injury and rendering him an invalid for life; "that said brakeshaft was defective and broken at the time the plaintiff was ordered to use it, as aforesaid, by being more than half broken through its diameter, which defect was not to be observed without inspection; plaintiff says that the time he used said brakeshaft he had no knowledge that the same was defective or unsafe, but thought, and had a right to think, that the defendant would not supply him with a dangerous and defective appliance with which to perform his duty."

He further avers that he was carefully performing said duty and was wholly without fault; that said injury and damages occurred by reason of the said carelessness and negligence of the defendant.

There is no charge in the complaint, that the brakeshaft was not suitable in kind and perfect in quality at the time the defendant fitted it to the car; nor is there an averment that the defendant knew of the defect in the brakeshaft at any time before the accident. Appel-

lant concedes that it is sufficient to plead negligence and the want of contributory negligence in general terms where no question of notice is involved, and that the complaint is sufficient in this respect. But it is contended that as it was the duty of the defendant to supply suitable and reasonably safe appliances in the first instance, and to exercise care in keeping them reasonably safe, the presumptions arise that the defendant did its whole duty in both respects; and that these presumptions must prevail in the absence of an averment negativing them. In other words, that the same rule applies with reference to notice in the case of injury resulting from defective machinery, as applies in case of the negligence of a fellow-servant. In the latter case the complaint must allege either that the master had not exercised ordinary care and prudence in the employment of such fellow-servant, or that he had retained him in his service after he had received notice that he was negligent in the discharge of the duties of his position. It is asserted that the cause of action made by the complaint is based on the breach of duty, in not exercising reasonable diligence in the supervision and inspection of the brakeshaft, and that it is incumbent on the pleader, in order to show a breach of that duty, to aver the defendant's knowledge of the deficiency or an opportunity to acquire such knowledge.

It was the rule at common law, and is the rule under our code, that negligence may be pleaded in general terms. This is the general rule. It is true that the allegations must not be so vague and uncertain as to admit of almost any kind of proof. But if enough be alleged to show the existence of a legal duty and its breach, a very slight designation that the act done, or omitted to be done, was committed or omitted in the absence of due care, is sufficient to support a charge of negligence. *Jef-*

fersonville, etc., R. R. Co. v. Dunlap, 29 Ind. 426; Indiana-polis, etc., R. R. Co. v. Keeley's Admr., 23 Ind. 133; Ohio, etc., R. W. Co. v. Selby, 47 Ind. 471; St. Louis, etc., R. W. Co. v. Mathias, 50 Ind. 65; Ware v. Gay, 11 Pick. 106; 2 Chit. Pl. 334, 343, 653. The general allegation of negligence has a technical significance, and admits of proof of any facts tending to show its truth. Evansville, etc., R. R. Co. v. Crist, 116 Ind. 446; Town of Salem v. Goller, 76 Ind. 291.

Where a duty rests primarily on a defendant, and the averments show the breach of the duty by the acts of such defendant, a general allegation of negligence is all that is necessary. Notice of the breach or default is in-volved in the act itself. But where the default is brought about by the intervening agency of another, then the complaint, to be good, must show that the defendant had notice, either by direct averments, or as a neces-sary implication from the facts alleged, and a general averment is not sufficient. City of Fort Wayne v. De-Witt, 47 Ind. 391.

It is the duty of the master to furnish his servant with reasonably safe tools, appliances, and machinery with which to work; and this duty is a continuing one. The master is bound to take notice that the tools, appliances, and machinery are liable to wear out and become defect-ive with age and use. The servant may repose confi-dence in the prudence and caution of the master, and rest on the presumption that he has discharged his whole duty in supplying reasonably safe machinery and appli-ances, and that he will exercise reasonable supervision to keep the same safe. Indiana Car Co. v. Parker, 100 Ind. 181; Bradbury v. Goodwin, 108 Ind. 286; Louis-ville, etc., R. W. Co. v. Buck, Admr., 116 Ind. 566; Penn-slyvania Co. v. Brush, Admx., 130 Ind. 347.

It is also the duty of the master to employ competent

and skillful servants in the first instance, and he is liable for the acts of an incompetent or careless servant whom he continues in his employ after knowledge of such incompetency or carelessness. Some courts make a distinction between the duty in the supervision of the machinery and appliances to keep them safe, and the duty of the supervision of the servants, to know that they are competent and careful. The reason given for this distinction is that when a competent and careful servant has been employed the presumption is that he will become more competent and skillful with experience; whilst with machinery the presumption is that with use and time it will deteriorate and become defective. Mr. Thompson, in his valuable work on Negligence, p. 985, says that the reasoning on which this distinction is based is unsatisfactory. The Supreme Court of this State has followed this distinction, and a complaint to recover damages for the negligence of a co-employe must aver either that the master did not exercise ordinary care and prudence in the employ of the fellow-servant, or that he retained such servant, after he had received notice of the incompetency and negligence of such servant. A general allegation of negligence in such cases does not cover the question of notice. *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75; *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1.

It has been expressly decided by the Supreme Court of this State, in a number of cases, that in an action to recover for the negligence of the master in failing to provide and keep machinery and appliances reasonably safe, a general allegation of negligence in the complaint is sufficient, and covers the question of notice. *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151 (155); *Ohio, etc., R. W. Co.* v. *Pearcy, Admx.,* 128 Ind. 197 (205); *Louisville, etc., R. R. Co.* v. *Utz, Admr.,* 133 Ind. 265.

The more recent decisions of that court, however, have departed from this rule, and it is now held that a general allegation of negligence is insufficient in such cases; that it is as necessary to aver that the master had notice of the defective machinery and appliances as to aver that he had notice of the unskilfulness and incompetency of a fellow-servant. *Evansville, etc., R. R. Co.* v. *Duel*, 134 Ind. 156; *Pennsylvania Co.* v. *Congdon*, 134 Ind. 226.

There is no direct averment in the complaint in this case that the appellant had any notice of the defect in the brake shaft, nor are there any other facts averred from which notice of the defect follows as a necessary inference. In view of the cases last cited, and in view of section 3 of the act of February 16th, 1893, Acts of 1893, p. 31, we feel constrained to hold the complaint insufficient.

Judgment reversed at cost of appellee, with instructions to sustain the demurrer to the complaint.

Filed Nov. 10, 1893.

### ON PETITION FOR A REHEARING.

LOTZ, J.—The appellee has presented a petition for a rehearing in this cause, and filed an able brief in support thereof.

It is first insisted that the complaint in this case is distinguishable from that in the case of *Evansville, etc., R. R. Co.* v. *Duel*, 134 Ind. 156. The latter case was an action to recover for injuries sustained by the plaintiff while coupling cars. It was alleged that the defendant operated and used a defective, unsafe and dangerous switching engine, or locomotive; defective in this, that the throttle valve which let in and cut off the steam from the cylinders of said engine was so defective, or out of repair, that at times said throttle would suddenly fly

open, and thereby cause said engine to move suddenly and swiftly; that while the plaintiff was attempting to couple a car, being moved by said engine, to another car standing still, the throttle of said engine suddenly flew open and caused said moving car to come suddenly and swiftly against said standing car, catching and mangling the plaintiff's hands; that the injury was caused "wholly through the fault and negligence of the defendant in carelessly and negligently using said unsafe and defective engine."

Here is a general charge of negligence, and it is sufficient to impute negligence to everything that the defendant did, or suffered to be done, as was expressly decided in *Brinkman* v. *Bender*, 92 Ind. 234. But the court held the complaint bad because there was no direct averment that the defendant had knowledge of the defective machinery, nor the averment of other facts from which knowledge could be imputed to the defendant.

In the case at bar, we have the general allegation of negligence. The other facts averred, from which knowledge might be imputed, are no stronger than in the case to which we have alluded. We think no stress can be laid upon the allegation that the plaintiff was ordered to set the brake. This order was not a special one outside of the plaintiff's duties.

A servant, in order to charge the master with negligence in failing to supply proper machinery or appliances, must aver and establish three propositions:

1. That the machinery and appliances were defective.

2. That the master had notice or knowledge thereof, or ought to have had.

3. That the servant did not know of the defects. Wood Master and Servant, section 414.

All of these propositions must be averred and proved. The complaint before us covers the first and third prop-

ositions, but falls short on the second, unless the general allegation of negligence is equivalent to an averment that the master had knowlege of the defect. Actionable negligence always involves a breach of duty. *Sisk* v. *Crump*, 112 Ind. 504.

A duty or a legal obligation is that which one ought or ought not to do. "Duty" and "right" are correlative terms. When a right is invaded, a duty is violated. Broom Com. Law.

The term "negligence" in noncontractual relations, always imports the breach of a legal duty. Hence negligence is always unlawful. Cooley on Torts (2d ed.), p. 164.

When one is charged with negligent conduct, it is equivalent to saying that he has violated some positive rule of law. It is true the presumption here is that the defendant supplied the plaintiff with appliances which were reasonably safe in the first instance; but there rested upon it an affirmative continuous duty to keep such appliances reasonably safe.

Counsel for appellee argue that if the appellant violated this duty, and such violation be charged as negligent, knowledge of the defect is involved or included in the general charge of negligence, for if the defendant did not have knowledge of the defect, either actual or imputed, then it was not negligent, and the omission to supply reasonably safe appliances would not be negligence; that it is for this reason that the general allegation of negligence in such cases includes and is deemed equivalent to the averment that the master had knowledge of the defect.

Conceding the force of this argument, we are still unable to distinguish this case from that of *Evansville, etc., R. R. Co.* v. *Duel, supra,* for that case, if we correctly understand the decision rendered, is to the effect that a

general allegation of negligence is not equivalent to averring that the defendant had knowledge of the defects in the appliances.   We must, therefore, adhere to our former decision, that the complaint is insufficient to withstand the demurrer.

The jury, in answer to interrogatories, found that the brake shaft, which was the immediate cause of the injury, had been bent over and afterwards straightened up; that in bending it back to its original position, it became fractured or broken, the fracture extending about one-half through the diameter of the shaft.   This occurred a long time before the injury.   The fracture became covered with rust and dirt, but could have been discovered by a car inspector or repairer by exercising reasonable diligence.

The appellee further contends that although the complaint be technically defective, it appears from the special findings of the jury that the defendant could have had knowledge of the defect by exercising proper care; that no harm could result to the defendant for want of such averment under these conditions; and that the statute, section 670, R. S. 1894, expressly forbids an Appellate Court to reverse a case under such circumstances.

This contention is not free from difficulty.   There are three sections of the statute, revision of 1894, bearing upon this question.

Section 348 provides:   "But no objection taken by demurrer, and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined."

Section 401 is as follows:   "The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment

can be reversed or affected by reason of such error or defect.''

Section 670 is in these words: ''No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below.''

The plain intent and purpose of these various sections is to prevent a reversal when it affirmatively appears from the record that substantial justice has been done.

Applying this rule to the case at bar, we have here a complaint insufficient for want of an averment that the defendant had knowledge of the defect in the brakeshaft; and the record, subsequently to the complaint, affirmatively shows that the defendant did have, or might have had, notice of such defect. It would seem that this case falls within the letter and spirit of the statute. But this court must follow that construction and rule adopted by the Supreme Court.

*Sinker-Davis Co.* v. *Fletcher*, 61 Ind. 276, was an action by the indorsee of a promissory note against his indorsers. A copy of the note, with what purported to be a copy of the indorsement, was filed with the complaint. The complaint professed to set out a copy of the note, but not a copy of the indorsement. A demurrer was overruled to the complaint. This ruling was held to be erroneous, for the reason that the note and indorsement were different instruments conferring different rights and imposing different obligations.

It was then insisted that the complaint ought to be deemed amended in the Supreme Court.

The court said: "But we can conceive of no case in which a complaint will be deemed amended, in this court, which is so defective as that a demurrer filed to it, for want of a statement of sufficient facts to constitute a cause of action, should be sustained, where the question here arises upon the correctness of the ruling below on the demurrer."

To much the same effect is the case of *Utica Tp.* v. *Miller,* 62 Ind. 230 (236).

*Friddle* v. *Crane,* 68 Ind. 583, was an action on a promissory note; a demurrer for want of facts was overruled to the complaint; the court made a general finding in favor of the plaintiffs.

On appeal to the Supreme Court the complaint was held insufficient to withstand the demurrer for want of an averment that the note remained unpaid or an equivalent averment. It would seem that a general finding for the plaintiff under such circumstances would be equivalent to a finding that the note was unpaid.

On petition for rehearing it was insisted; (1) that the defect in the complaint was one that might have been supplied by amendment upon the trial; (2) that the defect was supplied by the evidence; (3) that the defect was only of a formal technical character, and as the judgment was right upon the merits there was no sufficient reason for reversing the judgment. The court, however, held that a complaint bad upon demurrer for want of sufficient facts, can not be deemed amended in the appellate court. It is there said that "there is no rule of practice better settled than that a judgment founded upon a bad complaint not cured by the verdict can not be maintained." See, also, *Johnson* v. *Breedlove, Admr.*,72 Ind., 368. The Supreme Court in *Pennsylvania Co.* v. *Poor,* 103

Ind. 553, said: "Where a complaint is challenged by
demurrer, and an exception is reserved, we can not look
into the evidence to ascertain whether injury did or did
not result.   The sufficiency of the complaint is to be de-
termined from the facts stated in it, and not from what
may, or may not, appear in the evidence.   The court can
not examine evidence to determine a question pre-
sented by demurrer; for the demurrer presents the ques-
tions fully, and the question presented must be decided
according to the record."   Again, it is said in *Pennsyl-
vania Co.* v. *Marion*, 104 Ind. 239 (243): "Where a
demurrer to a complaint is overruled, the complaint
must stand or fall upon its own merits."   And in *Belt
R. R., etc., Co.* v. *Mann*, 107 Ind. 89 (91), it is said: "In
such a case, the ruling must stand or fall upon its own
merits.   The evidence, or the result reached, can not be
considered in determining whether the complaint was
sufficient."

In *Baker* v. *Pyatt*, 108 Ind. 61, a paragraph of com-
plaint which sought the reformation of a deed did not
set out the deed nor a copy of it, nor was it in any
way made a part thereof.   A demurrer for want of facts
was overruled to this paragraph. This ruling was errone-
ous as decided in the case of *Overly* v. *Tipton, Admr.*, 68
Ind. 410; but the court said:   "After a careful examina-
tion, we have concluded that the merits of the cause have
been fairly determined, and that, therefore, under our
statute, the judgment should not be reversed simply be-
cause a copy of the deed was not filed with the second
paragraph of the complaint.   R. S. 1881, section 345;
*Sohn* v. *Cambern*, 106 Ind. 302.   The failure to file a
copy of the deed, if that rendered the paragraph defec-
tive, was a matter somewhat formal in its character.   It
was a defect that would have been cured by verdict, had
there been no demurrer, and such a defect as the above

the statute requires shall be disregarded, where a cause has been fairly determined.''

In *Conley* v. *Grove*, 124 Ind. 208, a defective complaint was assailed by a demurrer. The cause was afterwards submitted to the court on an agreed statement of facts. The fact essential to make the complaint good was admitted in the agreed statement. It was held that section 670, *supra,* applied in its full force, and there could be no other finding and judgment except that rendered. But there are defects in pleadings which a general verdict or finding will not cure. Such pleading may be assailed at any stage of the proceeding. If an independent fact essential to the cause of action be omitted, the pleading will be bad on a motion in arrest, or when assailed for the first time in the appellate court. It does not follow that because a plaintiff has a general verdict or finding, every fact essential to sustain a recovery has been found. The general finding, or verdict, is based upon the averments of the complaint. A judgment is the final determination of the rights of the parties in action. It rests upon the pleadings and proof of the parties. The allegations of fact, in theory, must always be sufficient to invoke the law. If, as a matter of fact, the pleadings be insufficient, but notwithstanding the action has proceeded to judgment, the presumption arises that the pleadings were amended so as to be sufficient to support the judgment. *Eberhart* v. *Reister*, 96 Ind. 478. The cases of *Friddle* v. *Crane, supra,* and the case of *Baker* v. *Pyatt, supra,* present the two extreme views. The first case holds that no complaint, when attacked by demurrer, can be cured by verdict or finding, and a reversal must follow; while the latter case holds that a complaint, although defective in formal matters, and attacked by demurrer, yet, if it appear from

NOVEMBER TERM, 1893. 73

The Lake Shore and Michigan Southern Railway Company v. Kurtz.

the record that substantial justice has been done, no reversal should follow.

The latter decision is more in consonance with that spirit of liberality and justice intended to be established by our code. It is not every general verdict or finding that will cure formal defects in pleadings assailed by demurrer. Perhaps this is rarely so, but when there is a special verdict or finding, or an agreed statement of facts, in which the fact essential to make the pleading good is expressly found, or where such fact is admitted, or established by the undisputed evidence, no reversal can take place without violating the spirit, if not the letter, of the above sections of the statute. Indeed we perceive no substantial reason why the same rule should not apply to matters of substance as well as to matters of form when the omitted fact is admitted or agreed upon, and this we understand to be the effect of the authorities. It is true that the rules of pleading and practice must be maintained, so that the issues of law and fact may be presented to the court in an orderly and methodical manner; but when every fact essential to invoke the law upon the rights of the parties is either found, admitted, or undisputed, an appellate court ought to have the power to determine whether or not substantial justice has been done by the judgment of the lower court regardless of any ruling or error which does not deprive the adverse party of his substantial rights. Courts exist for the sake of deciding matters in controversy, and of doing justice; not for the sake of disciplining the parties. This doctrine, by statute, has been carried to a great length in England. There the court of appeals has all the powers and duties as to amendments of the pleadings and process as has the trial court, together with discretionary power, upon special grounds, to receive further evidence upon questions of fact, to draw inferences of fact, and to

give any judgment and make any order which ought to have been made, as the cause may require in the furtherence of the ends of justice.    Wilson's Pra. S. C. J. (7th ed.), p. 438.

It is the policy of the law to put an end to litigation and avoid a multiplicity of trials.    If in the record of a cause, from its inception to its culmination in a judgment, there be any decision which prevented or tended to prevent the party against whom the judgment was rendered from having a fair trial, then a reversal should unhesitatingly follow; but it is in the line of enlightened jurisprudence to disregard any erroneous ruling when it appears from the record that substantial justice has been done, notwithstanding such ruling.

Our Supreme Court, in the later decisions, has announced the doctrine that the overruling of a demurrer to a complaint defective for want of the averment of formal matter, is not reversible error when it appears from the record that the final judgment does substantial justice between the parties.    We know of no case, and none has been called to our attention in this State, where this rule has been extended to a complaint defective for want of an averment in matter of substance.    This case, it is true, differs from any of the cases to which we have referred, in that there is here a special finding in which the fact wanting in the complaint is expressly brought into the record.    We are not required to look to the evidence to ascertain whether or not the fact exists; for here we have it found by the special findings, and the special findings are a part of the record.    *Sohn* v. *Cambern,* *supra.*

But in view of the decisions of the Supreme Court, to which we have alluded, we do not feel at liberty to go to the extent of holding that a complaint defective in matter of substance can be cured by a special finding.    Is

the matter of knowledge of the defect on the part of the master one of substance or one of form? This is the controlling question. In pleadings the term "matters of form" is used to designate the established mode of expression or practice; a fixed way of proceeding. If the right of the party pleading sufficiently appear to the court, although the pleading do not conform to the established method of procedure, the pleading is said to be defective in matter of form. But if the right do not sufficiently appear to the court the pleading is defective in matter of substance.

It does not necessarily follow that because a servant has sustained an injury, occasioned by defective machinery and appliances, the master must respond in damages. The defect may have been a latent one; or it may have been one that arose suddenly on account of some extraordinary occasion.

To charge the master with liability he must have known of the defect, or facts must be shown from which it appears that he could have known had he been diligent in the discharge of his duty. Knowledge on the part of the master is an essential element in the cause of action. Unless he have knowledge, he has not been guilty of negligence. The right to a recovery does not appear unless knowledge be averred. Knowledge on the part of the master is matter of substance and not matter of form. The complaint being defective in matter of substance, the special findings of the jury do not supply the defect or forbid a reversal.

It is with some hesitation that we have reached the conclusion that the petition should be overruled. It is accordingly so ordered.

All concur in overruling the petition. The views expressed are those of the writer alone.

Filed April 27, 1894.