Argued 9 January; decided 5 February; rehearing denied 5 March, 1900.

## MEDYNSKI *v.* THEISS.

[ 59 Pac. 871.]

1. APPEAL—WHO ARE NOT ADVERSE PARTIES.—One who during a litigation has taken an assignment of the claim of an adverse party is not thereby made an adverse party, under Section 537, Hill's Ann. Laws, and service of the notice of appeal on such person is not necessary ; nor is a receiver an adverse party since he is of necessity unconnected with the subject of dispute and a mere officer of the court.

2. ABSTRACT—RULES OF COURT—ASSIGNMENT OF ERRORS.—An appeal will not be dismissed for appellant's failure strictly to comply with Rule 9 of this court, requiring an assignment of errors, if it sufficiently appears from the abstract what the alleged errors relied on are.

From Jackson :  H. K. HANNA, Judge.

Suit by F. V. Medynski against B. P. Theiss and G. W. Bashford to dissolve a partnership and for an account-

ing. This appeal is from an order directing the distribution of the fund arising from the sale of the property. The facts are that in the trial of a suit to dissolve a partnership between the parties hereto the referee found, in effect, that on July 18, 1890, the plaintiff, F. V. Medynski, and the defendant B. P. Theiss formed a co-partnership known as the Medford Distilling & Refining Company, Theiss agreeing to contribute the sum of $10,000 and Medynski his skill and experience, the result of the enterprise to be shared equally; that on March 2, 1892, the defendant G. W. Bashford contributed the sum of $5,000 to the firm's assets, securing an undivided one-sixth interest in, and becoming a member of, the partnership, it being agreed that he should not be liable for any of the prior debts of the firm, which amounted to $10,430.76; that prior to March 2, 1892, Medynski contributed to the assets of the firm the sum of $788.08 and withdrew $337, and thereafter paid in $834 and drew out $1,217.49; that prior to March 2, 1892, Theiss furnished $11,108.65 and drew out $85, and thereafter contributed $2,108.84 and withdrew $2,575.74; that Bashford supplied the sum of $5,076.98 and withdrew $174.78; and that the debts of the firm, incurred after Bashford became a member, were $2,163.72, including the sum of $560 due Medynski for labor. The court modified the report of the referee by finding that Bashford did not become a member of the firm until March 2, 1893; that the sum so paid by him was to be equally credited to Medynski and Theiss as contributions made by them; that a note executed to Mrs. B. P. Theiss April 1, 1891, for $5,500, bearing ten per cent. interest, the amount of which was included as a debt of the old firm, was chargeable to Theiss' account, which, by a subsequent agreement, was to be deducted from his original contribution; and thereupon decreed a dissolution of the partnership, ordered the receiver, there-

tofore appointed, to sell the property of the firm, and from the proceeds pay—First, the expenses of the sale and the costs and disbursements of the suit; second, the debts of the last partnership; third, one-sixth of the remainder to Bashford; and, fourth, the residue to Medynski and Theiss. The receiver having sold the partnership property, realizing therefrom the sum of $4,166.91, plaintiff assigned his claim of $560 to W. S. Crowell, who demanded of the receiver payment thereof, and upon the latter's refusal to pay the same made application to the court, which, after the time for taking an appeal from the decree had expired, ordered the receiver to pay the claim, and defendants appeal.          REVERSED.

For appellant there was a brief over the name of *Hammond & Vawter*, with an oral argument by *Mr. Austin S. Hammond*.

For respondent there was a brief over the names of *P. P. Prim & Son* and *Watson & Beekman*, with an oral argument by *Mr. Edward B. Watson*.

MR. JUSTICE MOORE, after making the foregoing statement of the facts, delivered the opinion of the court.

1. Plaintiff's counsel move to dismiss the appeal, contending that this court is without jurisdiction in consequence of the appellants' failure to serve the notice of appeal upon Crowell and the receiver. To inaugurate an appeal, the appellant is required to cause a notice thereof to be served on the adverse party: Hill's Ann. Laws, § 537. A party to a judgment or decree, to be adverse within the meaning of the statute, must have been made a party at the commencement of the suit or action, or thereafter brought in, by order of the court, in some appropriate manner: *Barger* v. *Taylor*, 30 Or. 228 (42 Pac.

615, 47 Pac. 618). Crowell is in privity with the plaintiff by reason of the assignment, and a modification or reversal of the order complained of would be binding upon him, and adverse to his interests ; but he is not a party within the definition of the term. What is said of him is also true with respect to the receiver, who is a ministerial officer appointed by the court to carry out its orders, and no more necessity exists for serving the notice of appeal on him than upon the judge who presided at the trial.

2. It is also insisted that the appeal should be dismissed because the printed abstract of the record does not contain an assignment of errors, as required by Rule 9 of this court : 24 Or. 591. The abstract contains a synopsis of the pleadings and of the referee's findings, and also the findings and decree of the court, the motion and affidavit for the order requiring the receiver to pay the disputed claim, and the judgment of the court thereon, and by stipulation of counsel is treated as a transcript. Notwithstanding appellants' failure strictly to comply with said rule, it sufficiently appears from the abstract that the alleged error, upon which the appellants rely, is the order complained of, and it therefore accomplished the purpose intended by the rule, and is a substantial compliance therewith : *Neppach* v. *Jones*, 28 Or. 286 (39 Pac. 999, 42 Pac. 519).

Considering the case upon its merits, the original decree being final, the question presented is, does it provide for the payment of Medynski's claim? The court having ordered the receiver to pay the debts of the last firm, it is evident that Medynski's claim, to be entitled to payment, must be a debt incurred by the firm after Bashford became a member of it. The referee, alluding to such firm, and the labor performed for it by Medynski, made the following finding : "Seventh. That the said partnership is

indebted at the present time as follows, to wit : To F. V.
Medynski, at $10 per week from about April 1, 1893, to
May 1, 1894, fifty-six weeks, $560.'' The report of the
referee, having been modified as hereinbefore indicated,
was approved, and adopted as the findings of the court.
It will be remembered that the court found that Bashford
did not become a member of the firm until March 2, 1893,
which renders it necessary to carry the referee's report in
relation to the dealings of the old firm forward one year.
Such report, relating to the labor performed by the par-
ties under the head of ''Contributed by Medynski,'' con-
tains the following : ''April 5, 1893, by fifty-five weeks,
$825.'' The report also shows that between March 2,
1892, and March 2, 1893, Medynski received from the
firm, in goods and money, the sum of $186. This service
having been performed, and payment on account thereof
made, before Bashford became a partner, as the court
finds, the items of credit and debit must be deducted from
the account of the new, and embodied in that of the old,
firm, as found by the referee. His report shows that
after March 2, 1892, and before the dissolution of the firm,
Medynski contributed $834, of which $825 was paid in
between March 2, 1892, and March 2, 1893. He must,
therefore, have contributed $9 after the latter date. So,
too, after he withdrew $1,217.49 after March 2, 1892, of
which $186 was drawn out within one year after that date
and $337 prior thereto, he must necessarily have with-
drawn $523 before and $1,031.49 after the new firm was
organized. Incorporating these items into the referee's
report, as amended, the court's finding is, in effect, as
follows : ''That prior to March 2, 1893, Medynski con-
tributed to the assets of the firm the sum of $1,613.08 and
withdrew $523, and thereafter paid in $9 and withdrew
$1,031.49,'' It will thus be seen that, Medynski having
36 OR.—26.

contributed $9 after Bashford became a partner and withdrawn $1,031.49, it is certain the new firm did not owe him $560 on account of labor, but, giving him credit for that amount, he overdrew his account to the extent of $462.49. Such is the effect of the court's modification of the referee's report, necessarily extinguishing $560 which the referee found to be a debt of the new firm, thereby leaving nothing in Medynski's favor upon which the decree can operate. The court found that the money paid by Bashford—$5,000—should be equally credited to the accounts of Medynski and Theïss as a contribution made by them, but, as the old firm was indebted beyond this sum, the burden of paying which was assumed by Medynski and Theiss, the sum so received must have been applied by them in discharging their obligations. Medynski's claim, not being a debt of the last firm, did not come within the purview of the decree, and hence the court erred in requiring the receiver to pay the same to Crowell, for which reason the order complained of is set aside, and the cause remanded, with instructions to distribute the fund as provided by the terms of the decree.

REVERSED.

Decided 19 February; rehearing denied 26 March, 1900.