On Motion to Dismiss, argued July 26, decided Aug. 3, 1910.
On the Merits, argued July 5, decided July 18, 1911.

## TODD v. PACIFIC RY. & NAVIGATION CO.

[110 Pac. 391: 117 Pac. 300.]

Appeal and Error—Dismissal—Abstract—Sufficiency.

1. An appeal will not be dismissed because the abstract does not contain a formal statement of errors, as required by Supreme Court Rule 9 (50 Or. 574: 91 Pac. ix), when a judgment on the pleadings is brought up for review, and it satisfactorily appears that the only error relied on is the overruling of a demurrer.

Negligence—Definition.

2. A necessary element of actionable negligence is the existence of a duty on the part of defendant to protect plaintiff from the injury complained of. Negligence is the breach or omission of a legal duty; it includes two subordinate ideas—duty and the performance of that duty.

Railroads — Injury to Animals — Common-Law Duty to Guard Trestle.

3. Independently of statute, a railroad company does not owe to the owner of animals running at large the duty to fence or protect its right of way, or guard trestles; and plaintiff's horse having been permitted to run at large, and having gone on a trestle and fallen, plaintiff could not recover.

Railroads—Injury to Animals—Presumption of Ownership.

4. Where plaintiff, suing for injuries to a horse falling through a trestle on a railroad, alleged that defendant was engaged in the construction of a line of railway and had constructed a trestle, and the negligence alleged was failure to guard or fence the structure, the court would not presume that defendant did not own the land on which the trestle was built and was a trespasser, but, the defendant being in actual and exclusive possession, it was sufficient, except as against one with better title.

From Tillamook:   William Galloway, Judge.

Decided August 3, 1910.

## On Motion to Dismiss.

[110 Pac. 391.]

Mr. Sidney S. Johnson for the motion.
Messrs. Snow & McCamant, contra.

Opinion Per Curiam.

The respondent's counsel move to dismiss this appeal because of an alleged non-compliance with the rules of this Court. Rule 9 thereof (50 Or. 574: 91 Pac. ix)

recommends a form for an abstract in lieu of a transcript, and directs the assignment of errors relied upon to secure a reversal or a modification of the order, judgment, or decree appealed from. The abstract in this cause, which is indexed, contains copies of the complaint, the demurrer and the order overruling it, the judgment rendered upon the defendant's declining further to plead, the record of the oral notice of appeal, and the undertaking, but does not include any assignment of errors.

The only action of the trial court that can be reviewed is the overruling of the demurrer to the complaint. An appeal will not be dismissed because the abstract does not contain a formal statement of errors, as required by our rule, when a judgment on the pleadings is brought up for review, and it satisfactorily appears that the alleged error relied upon is the overruling of a demurrer. *Neppach* v. *Jones*, 28 Or. 286 (39 Pac. 999: 42 Pac. 519) ; *Medynski* v. *Theiss*, 36 Or. 397 (59 Pac. 871). Errors are required to be assigned in an abstract, in order to notify the respondent of the particular act of the trial court to be re-examined on appeal. When only one act of that court can possibly be reviewed, the necessity for setting forth the errors alleged to have been committed is not so apparent, and a failure to comply with the requirement referred to cannot prejudice the adverse party.

The motion should be denied; and it is so ordered.

MOTION TO DISMISS DENIED.

---

Decided July 18, 1911.

## ON THE MERITS.

[117 Pac. 300.]

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by H. M. Todd against the Pacific Railway & Navigation Company, to recover damages for

an injury to plaintiff's horse.  At the time of the alleged injury, defendant was constructing a railroad in Tillamook County, a part of which was a trestle.  Plaintiff's horse was of the alleged value of $125.  He permitted it to run at large in the vicinity of the railroad construction, and it went upon the trestle, fell between the timbers, and was thereby injured, from the effects of which it died.  It is alleged that defendant negligently and carelessly left the trestle open, exposed, and unfenced, by reason whereof the horse entered thereon.  The court overruled a demurrer to the complaint, and, defendant refusing to plead further, judgment was entered for plaintiff.  Defendant appeals.                      REVERSED.

For appellant there was a brief over the names of *Messrs. Snow & McCamant,* with an oral argument by *Mr. Zera Snow.*                              ·

For respondent there was a brief and oral arguments by *Messrs. Talmage & Johnson.*

Opinion by MR. CHIEF JUSTICE EAKIN.

It is conceded by plaintiff that defendant's liability must depend upon whether the injury was the result of defendant's negligence, and that the statutory duty to fence the railroad track does not apply in this case, but that the liability of defendant depends upon whether it was negligence to leave unguarded the trestle, which is part of defendant's railroad, and might be dangerous to stock.

1. First.  It may be stated, that a necessary element of actionable negligence is the existence of a duty on the part of defendant to protect the plaintiff from the injury complained of.  *Faris* v. *Hoberg,* 134 Ind. 269 (33 N. E. 1028: 39 Am. St. Rep. 261).  Negligence is the breach or omission of a legal duty.  *Donovan* v. *Ferris,* 128 Cal. 49 (60 Pac. 519: 79 Am. St. Rep. 25) ; *Magar* v. *Hammond,* 54 App. Div. 532 (67 N. Y. Supp. 63) ; *Nolan*

v. *N. Y. Ry. Co.,* 53 Conn. 461 (4 Atl. 106). It includes two subordinate ideas—duty and the performance of that duty. 5 Words and Phrases, 4743-4746; *O'Neil* v. *Town of East Windsor,* 63 Conn. 150 (27 Atl. 237) ; *Elster* v. *Springfield,* 49 Ohio St. 82 (30 N. E. 274) ; *O. & R. V. R. Co.* v. *Martin,* 14 Neb. 295 (15 N. W. 696) ; *Larmore* v. *Crown Point Iron Co.,* 101 N. Y. 391 (4 N. E. 752: 54 Am. Rep. 718) ; *St. Louis Co.* v. *Keokuk Co.* (C. C.) 31 Fed. 755; *Lake Shore Ry. Co.* v. *Kurtz,* 10 Ind. App. 60 (35 N. E. 201: 37 N. E. 303).

In *Denver & Rio Grande R. Co.* v. *Chandler,* 8 Colo. 371 (8 Pac. 571), it is held that to constitute a liability, founded upon the fault of the company, there must exist a duty on the part of the company, the failure to perform which occasioned the loss of the horse, namely, to make it impossible for the horse to enter upon the bridge. Hence defendant's liability depends upon the existence of a duty to plaintiff and a failure to perform that duty.

Second. Does the complaint state facts sufficient to show such a duty on the part of defendant, which, if unfulfilled, will create a liability? Although it is not negligence for the owner of stock to permit it to run at large, neither is it negligence, independent of the statute, for the railroad company to leave its track unfenced. Prior to the enactment of the railroad fence law, which relates only to the operation of the road, the company was only liable for damage to stock by reason of negligence, and failure to fence was not negligence. *Moses* v. *Southern Pac. R. Co.,* 18 Or. 385, 393 (23 Pac. 498: 8 L. R. A. 135). And that rule was as applicable to trestles as to moving trains. We understand that the result of the cases in this Court upon this subject is that the owner may permit cattle and horses to run at large, without being guilty of negligence or the violation of any law, and, even if they enter upon the uninclosed land of another, he is not liable for damages to crops or grass.

But such an entry would be a trespass, although by reason of the general fence law the owner of the land has no remedy therefor.

In *Moses* v. *Southern Pac. R. Co.,* in speaking of contributory negligence by the owner of stock injured on a railroad right of way, Mr. Justice LORD says: "Although they [the stock] may be regarded as trespassers, he [the owner] is not guilty of contributory negligence. * * It is considered, as the act of the plaintiff in suffering his stock to run at large is not unlawful nor negligent, nor likewise the act of the defendant in leaving its track uninclosed, yet when it is so, as the stock may stray upon it as other uninclosed places, the defendant takes the risk of such intrusion upon its track, and the owner the risk of injury to his stock by unavoidable accident."

In *Bileu* v. *Paisley,* 18 Or. 47, 52 (21 Pac. 934, 936: 4 L. R. A. 480), it is said: "To hold that one man has a right to permit his stock to go upon the lands of another, if not protected by a material inclosure, would be holding, in effect, that a man did not own what belonged to him. The legislature cannot legalize such a trespass. It cannot provide that the cattle of A may lawfully go upon the land of B against the latter's consent, whether his land is fenced or unfenced, though it may, as before suggested, withhold from B a remedy for damages occasioned by such a trespass, if his land is not inclosed in a prescribed manner. Legislation of the character referred to goes only to the remedy, and no attempt to extend it further can be justified."

And in *Williams* v. *Railroad Company,* 2 Mich. 259 (55 Am. Dec. 59), speaking of the right of stock to run at large, it is said: "This act [the general fence law] does not require men to fence their lands, but merely precludes a recovery for damages done by beasts thereon, unless they are fenced. Nor does it grant any right to one individual to trespass on the private property of

another, or to depasture at will railroads any more than other lands owned and possessed by individual citizens; nor can the legislature, under the constitution, confer any such right." See, also, *Headen* v. *Rust,* 39 Ill. 186.

2. And, as a necessary conclusion from this statement of the law, the defendant owed no duty to plaintiff in regard to the condition of its right of way, and therefore there could be no liability on its part as the result of the horse going upon the trestle. Plaintiff's stock entered upon the right of way at his risk, and defendant is under no obligation to make its lands safe for the pasturage of plaintiff's stock. *Illinois Cent. R. Co.* v. *Carraher,* 47 Ill. 333; *Knight* v. *Abert,* 6 Pa. 472 (47 Am. Dec. 478) ; *Denver & R. G. Ry. Co.* v. *Chandler,* 8 Colo. 371 (8 Pac. 571).

This principle is reaffirmed by the Supreme Court of North Dakota, in the recent case of *Corbett* v. *Great North. Ry. Co.,* 125 N. W. 1054. In *Hughes* v. *Hannibal & St. Joe R. Co.,* 66 Mo. 325, it is held that "the proprietor of uninclosed land is under no obligation to make it safe for pasturage, and if the cattle of another stray upon it, and are killed by drowning in an unguarded well, there is no liability resting upon him for the loss. A railroad company stands upon the same footing as any other proprietor." See, also, 33 Cyc. 1213.

3. Plaintiff urges in his brief that there is nothing in the complaint to show that defendant owned the land upon which the trestle was built; but that is a reasonable inference from the allegations of the complaint, namely, that defendant "was engaged in the construction of the line of railway, * * and had constructed a trestle along its said route." The negligence or failure of duty alleged on part of defendant is failure to fence or guard the structure, and not that it was wrongfully built; this being the only ground of liability alleged by plaintiff. There being no such allegation, the Court will not pre-

sume that defendant was a trespasser in the construction of its road. The defendant's right to occupy the ground and to build a trestle will be assumed. The company was in the actual and exclusive possession of the trestle and ground it occupied, which was a sufficient title against all the world, except one with a better title. *Browning* v. *Lewis,* 39 Or. 11, 17 (64 Pac. 304) ; *O. R. & N. Co.* v. *Hertzberg,* 26 Or. 222 (37 Pac. 1019) ; *Gallagher* v. *Kelliher,* 58 Or. 557 (114 Pac. 943).

The judgment of the lower court will be reversed, and the cause remanded.                    REVERSED.