On motion to dismiss appeal, decided Oct. 3 ; rehearing denied Dec. 19, 1911

## HAFER *v.* MEDFORD & C. L. R. CO.
## DAVIS *v.* REDDY.

[117 Pac. 1122 : 119 Pac. 337.]

APPEAL AND ERROR—ADVERSE PARTIES—NOTICE OF APPEAL.

1. A party to a judgment, within the rule that every party to litigation who is interested in sustaining the judgment appealed from, is an adverse party and must be served with notice of appeal, must be one who was made a party at the commencement of the case, or brought in thereafter by order of court, or became a party in some manner recognized by law.

APPEAL AND ERROR—ADVERSE PARTIES—NOTICE OF APPEAL.

2. One appealing from a judgment disallowing a claim against a corporation in the hands of a receiver, appointed at the suit of a stockholder who appeared and contested the allowance of the claim, must serve notice of appeal on the stockholder, who is an adverse party, and service on the receiver is insufficient.

APPEAL AND ERROR—ADVERSE PARTIES—STOCKHOLDERS.

3. An appeal from a judgment disallowing a claim against a corporation in the hands of a receiver appointed at the suit of a stockholder praying for the dissolution of a corporation, and contesting the allowance of the claim, is not a separate proceeding against the receiver, but is a proceeding against the fund involved in the suit, and the stockholder is an adverse party to the claim.

From Jackson: FRANK M. CALKINS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

Defendants Davis, Adkins, Whitehead, Keene, and Vawter, as promoters and incorporators, incorporated defendant company for the purpose of constructing a railroad from Medford to Crater Lake, in Jackson County, Oregon, with a capital stock of 500,000 shares, of the par value of $1.00 per share. In the complaint it is alleged that the original incorporators issued to themselves, as fully paid, 60 per cent of the stock of the corporation, namely, 260,000 shares, when, in fact, nothing was paid for it, except it was shown by the minutes of the corporation that a resolution was adopted to purchase from one of their number all the rights of way, surveys, estimates, and franchises for the sum of $260,000, and made it appear on the stock books and record that the $260,000 had been paid on the stock subscribed by them, and that amount paid for the rights of way, estimates, etc., that the whole proceeding was a device on the part of the promoters to secure a majority of the stock, fully paid up, without expense to them; and that thereafter plaintiff and other citizens of Jackson County were induced by the promoters to, and they did, subscribe for stock in the corporation, and paid the face value thereof to the amount of $21,000; that, after spending in construction work the said $21,000, $35,000 borrowed by the company and secured by mortgage upon the property of the company, and certain moneys advanced by Davis, as manager of the company, the work was abandoned.

Plaintiff, as a stockholder, commenced this suit on behalf of himself and such other stockholders as should ask to be joined with him as plaintiffs, to have a receiver appointed to take charge of the property of the corporation, to collect the unpaid subscription of stock, and to settle its affairs. A receiver was appointed, who sold the

property of the corporation for the sum of $82,500, $46,-457.52 of which amount was paid in satisfaction of the mortgage debt of the company. After the sale of the property of the company by the receiver, defendant A. A. Davis presented to the receiver a claim against the corporation for $21,753.42, for money advanced by him to the company and applied in construction work, which claim was disallowed by the receiver. Plaintiff and other stockholders, who had paid for their stock, filed with the clerk of the court their formal appearance in writing, and protested against the allowance or payment of the claim of Davis, which came on for hearing before the court, the protestants appearing by their counsel, and after the evidence was heard the court adjudged that the claim of Davis cannot be allowed as an indebtedness against the corporation, for the reason that, at the time Davis advanced to the corporation the money which makes up the claim, he was indebted to the corporation in a sum greater than the amount so advanced, and that his claim should be set off against his debt to the corporation, but that he be considered as having paid-up stock in the corporation to the amount of his claim. Davis appeals from this decision. The notice of appeal is directed to J. F. Reddy, receiver, and Reames, his attorney, due service of which notice was accepted by Reames. The receiver now moves the court to dismiss the appeal, for the reason that the notice was not given to or served upon the adverse party in the degree.                    DISMISSED.

*Mr. Allen E. Reames* for the motion.

*Mr. George H. Durham* and *Mr. William M. Colvig,* contra.

Opinion by MR. CHIEF JUSTICE EAKIN.

1, 2. The rule is that every party to a litigation who is interested in sustaining the judgment or decree appealed

from is an adverse party, and must be served with notice: *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402). A party to a judgment must be one who was made a party at the commencement of the case, or brought in thereafter by order of the court, or became a party in some manner recognized by law: *Medynski* v. *Theiss,* 36 Or. 397, 399 (59 Pac. 871) ; *Inman* v. *Sprague,* 30 Or. 321 (47 Pac. 826). At least Hafer, plaintiff in the case, who appeared and protested against the allowance of the claim of Davis, is an adverse party. He is directly interested in sustaining the appeal, and therefore must be served with notice thereof. Whether the other stockholders who appeared at the hearing of this proceeding are parties, within the decisions last above cited, need not now be decided. The only person served was the receiver, who is not a party to the suit nor interested in the subject of the litigation, other than as an officer of the court, and interested in protecting the creditors and stockholders. Therefore the notice was not served on any adverse party.

The motion to dismiss is allowed.          DISMISSED.

---

Decided December 19, 1911.

## ON PETITION FOR REHEARING.
[119 Pac. 337.]

Opinion by MR. CHIEF JUSTICE EAKIN.

3. This is a petition by defendant A. A. Davis for a rehearing upon the motion to dismiss the appeal, urging that the court is in error in holding that Hafer, the plaintiff, who was not served with a notice of the appeal, is an adverse party in the decree or order from which the appeal is taken. Hafer brought this suit as a stockholder, who, with certain others, have paid par value for their stock in the sum total of $21,000, and alleges irregularity in the organization and management of the company, showing a state of facts that indicate that it is

insolvent, asks for a receiver to take charge of the property of the company to enforce the payment of stock subscription, and that the company be dissolved, alleging that Davis is one of the delinquent stockholders, who has presented to the court a claim for $21,753 against the corporation for payment from the assets in the custody of the court, which, if allowed, will diminish the amount for distribution among the stockholders. The appeal is from the order of the court disallowing the claim of Davis.

This is not a separate proceeding against the receiver, as contended by counsel, but is against the fund involved in the suit. Counsel says in his brief that no objection was ever made to the claim of Davis by any person. This is error. The supplemental abstract shows that Hafer and other stockholders filed written protests and appearances in the proceeding for the purpose of contesting the claim. The claim was contested before the court in which Hafer and these stockholders were recognized by the court and conducted the defense. It is stated in *Fagan & Osgood* v. *Boyle Ice Mach. Co.*, 65 Tex. 324, 330:

"Who may attend before the master is determined upon the most enlightened and liberal principles of abstract justice. If the fund being administered is not sufficient to pay all, each creditor or distributee is directly interested in the justice of every demand of a degree equal to, or greater than, his own. * * Every creditor whose claim has been recognized or established in any of the modes pointed out by the decree becomes a *quasi* party, and may resist, before the master, the allowance of any claim of a dignity equal to, or greater than, his own. If not satisfied with the action of the master, he may, upon leave as of course, except to the master's report. * *"

The proceeding in the case before us is not a proceeding against the receiver, but is a claim by a defendant in the suit against the fund, the distribution of which is the ultimate purpose of the suit, and, if there is a

party in the suit who is an adverse party to the·claim it is plaintiff.  The receiver is a trustee for all the parties, including Davis and Hafer (High, Receivers, 208), and although the creditors cannot compromise the claim without the receiver's consent, as stated by some of the authorities, he cannot prevent the party, or even one who is not a party if he is a creditor or distributee and has the consent of the court, from contesting claims, the allowance of which will prejudice their rights.  This rule is generally recognized [High, Receivers, 208; *Medynski* v. *Theiss,* 36 Or. 397 (59 Pac. 871) ; *Thompson* v. *Huron Lbr. Co.,* 4 Wash. 600, 607 (30 Pac. 741: 31 Pac. 25)], and is the only just and equitable one.  In such a proceeding a claim is presented to the court, and it must determine whether it shall be allowed (34 Cyc. 341) ; and it is not necessary that a formal issue be presented when the claim is presented to the court for allowance in the original suit.  17 Ency. Pl. & Pr. 794.

The rehearing is denied.

APPEAL DISMISSED: REHEARING DENIED.