Argued May 6, affirmed October 15, 1969

LEONARD, *Appellant, v.* WEST EXTENSION
IRRIGATION DISTRICT, *Respondent.*

459 P2d 549

*Herman W. Winter,* Heppner, argued the cause for
appellant. On the brief were Winter & Balfe.

*John H. Kottkamp,* Pendleton, argued the cause
for respondent. On the brief were Kottkamp &
O'Rourke.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, J.

The plaintiff brought this action to recover for 25 head of cattle drowned in defendant's irrigation canal. The court directed a verdict for defendant and plaintiff appeals.

Plaintiff contends that defendant owed a duty to provide and maintain a fence along its canal adequate to keep thirsty cattle out of the canal and that its negligence in performing that duty was the cause of plaintiff's loss.

There is little dispute about the controlling facts. Defendant owns and operates an irrigation canal some 27 miles long, partly in Umatilla County. The canal was constructed in 1916 by the Bureau of Reclamation, which, at the same time, built fences along the canal. Thereafter the canal was transferred to defendant, which has owned it for more than 40 years.

Plaintiff runs cattle on more than 8,000 acres of rangeland which he owns or leases. Defendant's canal runs for several miles adjacent to the northerly edge of plaintiff's land. In 1965 Umatilla County was open range and livestock were permitted to run at large, *Kendall v. Curl et al*, 222 Or 329, 353 P2d 227 (1960). Plaintiff testified that his cattle entered the canal in Umatilla County.

The canal is "V" shaped, about nine feet deep, lined with concrete and, according to the complaint, when in use is filled with water to a depth of about

six feet. It appears that unless they are discovered and pulled out, cattle and deer which fall into the canal invariably drown. It further appears that over the years cattle and deer have fallen into the canal and that this situation was known to defendant.

Although the ownership of the fences along the canal was not admitted, it is undisputed that for more than 40 years the fences have not been maintained by defendant, but, on the contrary, have been maintained by the cattlemen owning the land adjoining the canal. Plaintiff testified that during the 10 years or so that he ranged cattle on his land he had always maintained the fence between his property and the canal and that it had not been maintained by the defendant. Plaintiff testified:

"Q In any event, since you have been there and since you have operated your cattle on this land you have always maintained the fences? Is that not correct?

"A Yes.

"Q This would involve at least two or three times a year checking it?

"A You go out and ride around the fence to see what shape it is in.

"Q If the cattle rubbed against it or broke it down and got through it then you would repair and fix the fence?

"A Yes.

"Q The West Extension District as a matter of fact never did?

"A No."

The fence consisted of four strands of barbed wire strung on wood or steel posts. Plaintiff made no attempt to prove that such a fence did not constitute

"adequate fencing." The plaintiff testified that in the summer of 1965 the fence was "in fair condition."

In May of 1965 five of plaintiff's cattle fell into the ditch and were drowned and in July he lost another 20 head in the same manner. Plaintiff testified that the cattle "knocked down the fence where they went down into the ditch."

In *Todd v. Pacific Ry. & Navigation Co.*, 59 Or 249, 110 P 391, 117 P 300 (1911), this court held that a landowner owed no duty to make his land safe for trespassing livestock. The trial court relied on the *Todd* case in directing a verdict for defendant. Plaintiff argues, however, that the general rule does not apply if the landowner maintains a condition both so dangerous and so alluring to livestock as to amount to a virtual trap. He cites *Malernee Oil Co. v. Kerns*, 187 Okla 276, 102 P2d 836 (1940); *St. Louis, Iron Mountain & Southern Railway Co. v. Wilson*, 116 Ark 163, 171 SW 471 (1914); *Williams Estate Co. v. Nevada Wonder Mining Co.*, 45 Nev 25, 196 P 844 (1921), all of which tend to support his contention.

We need not decide, however, whether this case is an exception to the *Todd* rule. Even if the ditch did constitute a trap, raising a duty on the part of the defendant to make some provision for the safety of livestock attracted there in search of water, plaintiff had undertaken to perform that duty as to his own stock by maintaining the fence over a period of years. Defendant had a right to rely on that course of conduct. There is no evidence that plaintiff ever demanded that defendant maintain the fence or ever informed defendant that he would cease to maintain the fence and expect defendant to assume responsibility for it. We hold that in the absence of such no-

tice, plaintiff may not hold defendant liable for cattle lost by negligent maintenance of the fence, where plaintiff has by his past conduct assumed sole responsibility for that maintenance.

The trial court properly granted defendant's motion for directed verdict and the judgment is affirmed.