JONES & NORRIS v. NICHOLS.

46 207
57 22

1. BILL OF EXCEPTIONS: *Must contain all instructions.*
Unless the bill of exceptions contain the entire charge of the court, this court will presume that instructions which were refused, though proper in themselves, were properly refused because the jury had already been sufficiently instructed on the points covered by them.

2. NEGLIGENCE: *Stock falling in pit on neighbor's premises.*
The defendant dug a pit under his cotton gin for a cotton press, near the public highway, and left it unenclosed, and corn and cotton seed scattered about it. The plaintiff's cow fell into the pit and was killed. *Held:* That the defendant was guilty of negligence and must pay the value of the cow; and that the plaintiff was not guilty of contributory negligence in turning his cow out on the commons remote from the gin.

APPEAL from *Logan* Circuit Court in Chancery.
Hon. R. B. RUTHERFORD, Circuit Judge.

*C. A. Leevers* for appellant.

The common law is in force here, and cattle running at large that go upon the lands of another are trespassing, and their owner is liable for the trespass. The owner is guilty of contributory negligence, and must take the risk of such injuries as may occur to them, if not proximately and directly the result of the unlawful act of the land owner. *Cooley on Torts, p. p. 337–8–9; ib., 654–5–6–7–8–9, 660–1–81,*

*690 ; 34 N. J., 467; 16 Ark., 308.*   An action for damages will not lie, unless the party charged owed some duty to the party damaged and committed a breach of that duty. *Cooley on Torts, p. p. 659–60–61; Waterman on Trespass, vol. 2, p. 295, secs. 873–4, p. 294.*   The owner of land owes duty only to persons or property lawfully on his premises, not to trespassers. *Cooley Torts, p. 660 and note 2.*   As to the obligation of land owner to enclose it so as to bar out trespassers, see *ib., p. p. 337–8–9–40; Waterman on Trespass, vol. 2, sec. 878 and * note.*

*T. C Humphry* for appellee.

Appellants dug the pit and left it unenclosed, uncovered and unguarded, and are liable. *Wharton on Neg., secs. 782, 786, 789.*   By leaving the mill and gin unenclosed, where cotton seed and corn were scattered, which would attract stock, they will be held to greater care and diligence. *Ib., secs. 143–786.*

The cow was not trespassing when upon the unenclosed land of another. *37 Ark., 562.*   Verdict sustained by evidence and will not be disturbed. *40 Ark., 168.*   The judgment is in accordance with scripture. *Ch. 21, Exodus, v. 33–4.*

Cockrill, C. J.   The appellants were the owners of a cotton gin and grist mill combined.   The building was set upon posts, leaving the space beneath open.   In this open space they dug a pit for their cotton press.   The appellee's cow fell into the pit and was killed.   He sued the appellants and obtained judgment for $40, the value of the cow. The appeal is prosecuted to reverse this judgment.

Jones & Norris v. Nichols.

It seems that the bill of exceptions does not contain the entire charge of the court to the jury, but only such parts as the appellants saw fit to except to, together with their requests for instructions which were rejected by the court.

1. BILL OF EXCEP-
TIONS:
Must con-
tain whole
charge.

The entire charge should be set out. It would be manifestly unfair, in many instances, to judge the charge by an isolated part of it; and in order to determine correctly whether it was error to refuse to instruct the jury as requested, we should be informed what instructions were given. It often happens that a request to charge the jury is properly refused, though in itself unobjectionable, because the same phase of the case is already covered in the intended charge. It is not error to refuse to multiply instructions on a single point, and as every reasonable presumption is indulged in favor of the action of the trial court, we infer, in a state of record like this, that the court declined to give the instructions asked, if they are in them unobjectionable, because the jury were already sufficiently instructed on the points touched by them. Error to reverse a judgment must appear affirmatively, otherwise everything is presumed to have been righfully done.

It is not necessary, however, to indulge in any presumptions in order to affirm the judgment in this case. The pit, which the appellants dug and into which the cow fell, in the night time, was close to the highway; it was unenclosed and was without signal of warning or protection; moreover, cotton seed and corn had been left by the appellants scattered in the neighborhood of it, so that, in the language of one of the witnesses, it was not only a stock trap, but was actually baited for the game. The court instructed the jury in effect, that if they should find such a state of facts from the proof, the appellants were guilty of negligence which would render them liable for the injury done. This proposition cannot be controverted.

2. NEGLI-
GENCE.

14—46

The appellee was not guilty of contributory negligence in turning his cow out upon the commons remote from the gin (*L. R. & F. S. Ry. v. Finley*, *37 Ark., 562*), and there was no testimony upon which to base the instructions asked upon that point.

No objection was made at the trial to the introduction of any testimony, and the point now pressed cannot be made here for the first time.

Let the judgment be affirmed.