LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* WILSON.

Opinion delivered April 22, 1899.

RAILWAY—INJURY TO STOCK—NEGLIGENCE.—Proof that, immediately after the stock alarm on a locomotive was sounded, a mare was found standing on the right of way within a few feet of the track, that she had two cuts on the inside of her hind legs, and that after the injury she was very much afraid of trains, when she had not been afraid of them before, is sufficient to justify a finding that she was injured through the negligence of the railway company. (Page 415.)

Appeal from Conway Circuit Court.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

This suit is for damages in the sum of $25 for injury to plaintiff's mare, through the alleged negligence of the company.

The proof shows that on August 17, 1896, plaintiff heard an engine blowing the stock alarm twice right close together, and went down immediately where the engine was blowing the stock alarm, and found his mare standing right at the edge of the right of way, not over three feet either way, on or off the right of way. She had two cuts on the inside of her hind legs. The cuts were about three inches long. He thought they extended to the bone. The cuts were right in the middle of the inside of the leg about eight or ten inches from the ground. The cuts extended up and down the inside of the leg, and not cross ways. The cut was about as long as your finger. There was no other injury that plaintiff could find. She was

his wife's buggy mare.    After the injury she was very much afraid of trains, and plaintiff had to trade her off on that account.    The plaintiff did not know whether the train struck her or not.    The mare was not lying down, but standing up when plaintiff found her.    The mare was not breachy.    Plaintiff testified that he was damaged by reason of the loss of the use of the mare on account of the injury $25.    The above was the testimony.    The jury returned a verdict in favor of plaintiff for $15.    Judgment was entered accordingly, and the company appeals.

*Dodge & Johnson* and *Oscar L. Miles*, for appellant.

Mere proof that an animal was found wounded near a railroad track creates no presumption that it was done by a railroad train.    This latter fact must appear from the proof.    42 Ark. 128;  56 Ark. 522;  60 Ark. 189.

*Chas. C. Reid*, for appellee.

The proof shows that the animal was injured by the train, and this raised the presumption of negligence on the part of defendant.    42 Ark. 122.

WOOD, J., (after stating the facts.)    There was evidence to justify the verdict.    While the proximity of the mare to the railway track and the nature and appearance of the injury would not, alone, furnish the basis for an inference that the injury was produced by the train, yet, when these are considered in connection with the blowing of the stock alarm, and the finding of the animal immediately thereafter at the place where the stock alarm was given, close to the right of way, injured as described,—also in connection with the fact that after the injury the mare was very much afraid of trains,—the most reasonable conclusion, we think, from all the circumstances, is that the train produced the injury.    *Railway Co.* v. *Sageley*, 56 Ark. 549.    The sounding of the stock alarm twice tends to show that some animal was in danger, and this was the only animal found injured there. While the plaintiff did not state that his mare was not afraid of trains before the inquiry, his language plainly implies that she was not.    He says that after the injury she was very much afraid of trains, and he had to trade her off on that account.

Taking all the evidence, there was was a *prima facie* case of injury by the railway company, and, in the absence of proof to the contrary, it will be presumed that it was caused through the company's negligence.

Affirmed.

BUNN, C. J., and BATTLE, J., dissenting.