ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v*. HOOD.

Opinion delivered January 20, 1900.

RAILROADS — STOCK-GUARDS — ENCLOSURE.— Under Sand. & H. Dig., §§ 6238-9, providing that it shall be the duty of all railroad companies, upon receiving ten days' notice in writing from the owner of enclosed lands, to construct suitable and safe stock-guards on either side of said enclosure where said railroads enter said enclosure, and to keep the same in good repair, and fixing a penalty for failure to do so, *held,*

that the owner of land through which a railroad runs has no right to give notice to the railroad company to erect stock-guards until he has an enclosure through which the road runs. (Page 359.)

Appeal from Pope Circuit Court.

JEREMIAH G. WALLACE, Judge.

Hood sued the St. Louis, Iron Mountain & Southern Railway Company to recover the statutory penalty for the latter's delay in building stock-guards on either side of an enclosure, after being duly notified to do so, thereby causing his meadow to be destroyed by cattle. Plaintiff's testimony showed that, at the time he served the notice on the defendant to put in the stock-guards, he had no enclosure at the points where he wanted the stock-guards placed. He had a field on one side of the track, but had not built his fence across the right of way, and had no enclosure on the other side. Within three or four days after the notice was given, he built his fence down to the right of way on both sides, but the company neglected, for ten days after he had done so, to put in the stock-guards.

A judgment was rendered for the plaintiff, from which defendant appealed.

*Dodge & Johnson*, for appellant.

Under section 6239, Sand. & H. Digest, requiring railway companys, upon receiving ten days' notice, to construct stock guards whenever they shall enter *enclosed* lands, there was no obligation upon the appellant to construct such cattle-guards where lands are not *enclosed* at the time of the notice. Compare 65 Ark. 499 and 59 Ark. 244.

WOOD, J. Sections 6238 and 6239 of Sandels & Hill's Digest are as follows: "It shall be the duty of all railroad companies organized under the laws of this state, which have constructed, or may hereafter construct, a railroad which may pass through or upon any enclosed lands of another, whether such lands were enclosed at the time of the construction of such railroad, or were ·enclosed thereafter, upon receiving ten days' notice in· writing from the owner of said lands, to construct suitable and safe stock-guards on· either side of said en-

closure where said railroads enter said enclosure and to keep the same in good repair."

"Any railroad company failing to comply with the requirements of the preceding section shall be liable to the person or persons aggrieved thereby for a penalty of not less than twenty five dollars nor more than two hundred dollars for each and every offense, to be collected by civil action in any court having jurisdiction thereof."

We need consider only one question presented by this record to-wit:  Can the notice required by this statute be given before there is any enclosure on the land over which the railroad runs?  The unequivocal language of the statute indicates that notice before there is an enclosure would be premature.  The owner has no right to give notice to the railway company to erect cattle-guards until he has an enclosure through which the railroad runs.  It matters not, we think, that he completes his enclosure after notice to the company before the expiration of ten days.  This would not be in compliance with the statute, for how could one give notice "to construct suitable and safe stock-guards on either side of *said enclosure* where said railroad enters *said enclosure*" when there was no enclosure in fact in existence.  The statute is in derogation of common right, is penal in its nature, and should be strictly construed.  Reversed and remanded for new trial.