CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v.

FITZHUGH.

Opinion delivered March 18, 1907.

1. PLEADING—AMENDMENT—WAIVER OF OBJECTION.—A defendant can not object on appeal that the court permitted plaintiff to amend his complaint by stating a new cause of action if he filed an answer to the amended complaint, and thus entered his appearance. Page 181.)

2. RAILROAD—LIABILITY OF FOREIGN CORPORATION.—A foreign railroad company operating a railroad within this State becomes subject to all the regulations and provisions of law regulating railroads within the State, including the regulation as to constructing stockguards. (Page 181.)

3. SAME—DUTY TO CONSTRUCT STOCKGUARDS.—Kirby's Digest, § 6644, requiring railroad companies to construct stockguards where their roads enter inclosed lands, applies wherever a railroad enters an inclosure, whether the company owns the fee in the land upon which the road is constructed or not. (Page 181.)

4. EVIDENCE—COPY OF NOTICE.—It was not error to permit plaintiff to introduce a copy of a notice which he had served upon defendant. (Page 181.)

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*Buzbee & Hicks,* for appellant.

Under the facts and circumstances alleged in the complaint as originally drawn, no action for compensatory damages could be maintained. 47 Ark. 330; 71 *Id.* 232; 74 *Id.* 589. Complainant is not at liberty to abandon the entire cause made by his bill and make a new and different case by way of amendment. 17 How. 409; 23 Ark. 474; 14 *Id.* 45; 13 *Id.* 188; *Id.* 93; 61 Ark. 253; 59 *Id.* 441; 75 *Id.* 465. To allege that apellant had been "duly notified" is not sufficient. He should have stated how and on whom service was had, and that such person was authorized to construct the stockguard. 69 Ark. 584. A master is not liable for the act or omission of his servant, except as to those things that are within the scope of the servant's authority. 40 Ark. 323. Defendant's motion to strike the complaint should have been sustained. 62 Ark. 401; 8 *Id.* 316; 10 *Id.* 479; 37 *Id.* 125. The statute provides a penalty only in case of the construction of a railroad "through or upon the inclosed lands of another." Appellant owned the fee in its right-of-way. Therefore the statute does not apply.

*Henry Berger* and *Morris M. Cohn,* for appellee.

It is proper to grant leave to amend in such cases. 74 Ark. 589; 73 Ark. 415; 68 *Id.* 180. If the effect of the amendment will be to state a case where otherwise no case would exist at all, it is proper and does not change the cause of action. 73 Ark. 415; 74 *Id.* 589. A defect in a declaration not set down in a demurrer as cause of demurrer is cured. 5 Ark. 661; 25 *Id.* 164; 35 *Id.* 109. If the complainant was deficient in not stating how and on whom notice was served, a motion to make more specific was the remedy. Kirby's Digest, § 6147; 77 Ark. 1. Even if this was a defect, filing an answer and going to trial is a waiver. 43 Ark. 230; 45 *Id.* 392; 48 *Id.* 454. The fact that the railroad company owned the fee in the right-of-way does not take it out of the rule requiring stockguards to be constructed at proper places.

RIDDICK, J.   This is an appeal by a railway company from a judgment against it for $200 for penalties for failing to construct two stock gaps where its line passed through the plaintiff's inclosure.

The defendant contends that the court erred in permitting an amendment to the complaint changing the action from one for damages for loss of crops by reason of the failure of defendant to construct stock gaps to an action to recover penalties against the company for such failure. It contends that the amendment made a new cause of action, requiring a new summons and service upon defendant. But it is too late to raise such questions now, for after the amendment was permitted the defendant filed an answer to the amended complaint and entered its appearance, thus waiving summons and service upon the amended complaint, if they were required.

A foreign railroad corporation owning and operating a railroad in this State becomes subject to all the regulations and provisions of law regulating railroads in this State, and it is immaterial in this case whether this defendant was a foreign or domestic corporation.   Kirby's Digest, § § 6743, 6747 and 6758; *St. Louis S. W. Ry. Co.* v. *Russell,* 71 Ark. 451.

The defendant contends that the statute does not apply to this case for the reason that the defendant company is the owner of the fee in the right-of-way over which the railroad was constructed, having purchased the same from the plaintiff in this action, who executed a warranty deed conveying the land to the defendant company. Counsel for defendant contends, therefore, that this railroad does not, within the meaning of the statute, pass through or upon the land of plaintiff. But, if this argument was sound, the statute would be of no effect, for railroads are generally constructed upon and along the right-of-way owned by the railway company. The interest of the company in its right-of-way, even when it is obtained by condemnation proceedings under the statute, is practically that of an owner in fee. *Organ* v. *Memphis & L. R. Rd. Co.* 51 Ark. 235-266. The statute, in speaking of railroads that pass "through or upon the inclosed land of another," does not refer alone to railroads constructed upon the land of another, for that seldom happens, but mainly to railroads whose right-of-way bisects or divides

the inclosed land of another, and where a stock gap is necessary to keep stock out of such enclosure. In our opinion it is immaterial whether the company owns the fee upon which the road is constructed or not.

Complaint is made that the court permitted the plaintiff to read in evidence copies of the notice he had served upon the defendant. The plaintiff testified that the originals were delivered to the agent of the defendant, and that plaintiff retained an exact copy, which he read in evidence. The originals not being under the control of plaintiff, there was no error in permitting him to introduce a copy.

There are other points discussed, some of which are passed on the case of *St. Louis & S. F. Rd. Co.* v. *Hale, ante* p. 175. We have duly considered all of them, and are of the opinion that the judgment should be affirmed. It is so ordered.