# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

BUCKEYE COTTON OIL COMPANY *v.* HORTON.

Opinion delivered February 8, 1915.

NEGLIGENCE—ANIMALS—INJURY TO COW.—Where defendant permitted cotton seed and hulls, which it knew were attractive to cattle, to accumulate at a spot on its premises which could be easily reached by cattle on the public highway, and which were dangerous to cattle, the same will be held to be negligence, and defendant will be liable in damages for an injury received by plaintiff's cow as a result thereof.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Cockrill & Armistead,* for appellant.

1. The court erred in its charge to the jury. The two instructions given by the court are conflicting. One who suffers his stock to go at large takes the risk incident. He takes the permissage pasturage with its accompanying perils. 48 Ark. 369.

2. There is no obligation on the owner to keep grounds in safe condition against trespassers or stray animals. 57 Ark. 16. The only duty owing is to refrain from attracting or drawing cattle to a dangerous place or substance, and no liability occurs if the injury is the natural and probable result of the act which a prudent man would not have foreseen. 57 Ark. 16; 94 *Id.* 459.

3. If the object, substance or condition is not inherently harmful, there is no negligence as a matter of law. 84 Ark. 42.

*W. D. Jackson* and *Gus W. Jones,* for appellee.

1.   The appellant was bound to use ordinary care to keep its premises free from substances that would attract cattle into dangerous places.   The law as to stock running at large, or on the range, is well settled in this State.   37 Ark. 562; 1 Rul. Cas. Law 1171; 94 Ark. 460.

2.   Instructions should be considered as a whole.   Construed together, they fairly present every phase of the case.   100 Ark. 107; 67 *Id.* 531; 100 *Id.* 132; 100 *Id.* 199.

HART, J.   A. A. Horton instituted this action before a justice of the peace against the Buckeye Cotton Oil Company, a corporation, to recover the sum of $150, the value of a Jersey cow which he alleged came to her death on account of the negligence of the defendant.

The plaintiff recovered before the justice of the peace and the case was appealed to the circuit court and a trial anew there resulted in a verdict and judgment for the plaintiff in the sum of $65.

The defendant, the Buckeye Cotton Oil Company, was engaged in operating an oil mill.   It had three tunnels about five feet high used in conveying cotton seed. The plaintiff's cow fell into one of these tunnels and was injured to such an extent that she had to be killed.   The mouth of the tunnel was "A" shaped and cotton seed and hulls were scattered about the mouth of the tunnel and in it.

The record shows that there was no fence around the oil mill and that it was situated so that switch tracks extended from it to the railroad.   The tunnel in question was about thirty feet from the highway and the evidence shows that cows were accustomed to come around the oil mill and eat the seed and hulls which were scattered around there but that none had ever before fallen into any of the tunnels.

There was a verdict and judgment for the plaintiff and the defendant has appealed.

The court of its own motion gave to the jury the following instruction:

"No. 1.  If you find from the evidence that defendant had erected such structure as has been described, and that, acting as a reasonably prudent person, ought to have foreseen under all the circumstances that, if left open, a cow would be attracted, and would enter and be injured, and that defendant negligently left same open, and that plaintiff's cow did enter, and was so injured that her death resulted, you will find for the plaintiff for such an amount as the evidence shows to have been the value of the cow."

"No. 2.  If you find from the evidence that plaintiff was familiar with the premises, and, as a reasonably prudent person, ought to have anticipated that his cow might enter said structure and be injured, yet took no steps for her protection from such danger, you will find for the defendant."

We think the facts bring the case within the principles of law laid down in *Jones* v. *Nichols,* 46 Ark. 207. There the defendant dug a pit under his cotton gin for a cotton press, near the public highway, and left it unenclosed, and with corn and cotton seed scattered about it. The plaintiff's cow fell into this pit, and the court said: "The pit, which the appellants dug and into which the cow fell, in the night time, was close to the highway; it was unenclosed and was without signal of warning or protection; moreover, cotton seed and corn had been left by the appellants scattered in the neighborhood of it, so that, in the language of one of the witnesses, it was not only a stock trap, but was actually baited for the game. The court instructed the jury, in effect, that if they should find such a state of facts from the proof, the appellants were guilty of negligence which would render them liable for the injury done.  This proposition can not be controverted."

So here the testimony shows that the tunnel into which the cow fell was situated within thirty feet of the public highway and that cattle had been accustomed to congregate around there for the purpose of eating cotton seed and hulls which were scattered about there by the

defendant, and that this state of facts had existed for a considerable length of time. From these facts the jury might have inferred negligence on the part of the defendant.

The negligence did not consist in the fact that the defendant left its premises unenclosed, but in the fact that it baited the tunnel by leaving there for a considerable length of time cotton seed and hulls which were attractive to cattle and naturally calculated to lure them into danger.

Neither was the plaintiff guilty of contributory negligence for he was not familiar with the premises of the defendant in regard to the tunnel and did not know that his cow was accustomed to going in there. See 1 Ruling Case Law, paragraph 76, page 1134. Also, *St. Louis, I. M. & S. Ry. Co.* v. *Newman,* 94 Ark. 459.

So, too, in the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Wilson,* 116 Ark. 163, 171 S. W. 471, we said that if the railroad company permitted feed stuff to be placed upon its right-of-way in such a manner as is calculated to attract cattle thereto, it would be liable in damages to the owner of animals injured by reason of such negligence. In that case no recovery was allowed the plaintiff because the railroad company had its right-of-way fenced and there was nothing to show that the defective condition of the fence had existed for such a length of time as to warrant the inference that the company had notice of its defective condition.

The judgment will be affirmed.