MISSOURI PACIFIC RAILROAD COMPANY *v.* MILLER.

4—2568

Opinion delivered May 23, 1932.

*Thos. B. Pryor* and *H. L. Ponder,* for appellant.
*Coleman & Reeder,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for damages to a mule that became entangled in a cattle guard which had been voluntarily constructed by appellant on a roadside to prevent stock running at large from coming upon its right-of-way. It was alleged in appellee's complaint that appellant company negligently and carelessly permitted said cattle guard to become partly filled with weeds, trash, dirt and other obstructions so as not to be discernable and so as to resemble the road leading to and across same, and that a certain mule belonging to appellee and being of the value of $125 or more, in walking down said road, walked upon said stock guard and his feet were caught in same, and the said mule fell through said cattle guard, and, in attempting to get out or by reason of his fall, was seriously and permanently injured. The suit was brought and judgment obtained in a magistrate's court, from which an appeal was prosecuted to the circuit court of Independence County, where, upon trial *de novo,* the judgment was obtained from which is this appeal.

Appellant's contention for a reversal of the judgment is that the suit was brought under §§ 8478 and 8479 of Crawford & Moses' Digest, which afforded appellee no protection against damages to his property because he was not a landowner and because he failed to give the notice required by said statute as a prerequisite to the maintenance of a suit. The sections referred to penalize a railway company for failure to construct, keep and maintain in good repair cattle guards, after ten days' written notice, on each side of the inclosures through which its lines run, by requiring it to pay the owners of the inclosures, in addition to actual damages sustained a penalty of not less than $25 nor more than $100. The undisputed evidence reflects appellee was not an owner of an inclosure, and that he had not given appellant ten days' written notice to construct the cattle guard, or to keep and maintain same in good repair. Based upon this evidence, appellant requested an instructed verdict in its favor, which was refused. The trial court correctly re-

fused to so instruct the jury. This suit was not brought under these statutes. The gist of the complaint was for negligently maintaining the cattle guard voluntarily constructed in such manner as to injure stock lawfully running at large. *Jones & Norris* v. *Nichols,* 46 Ark. 207, 55 Am. Rep. 575. The remedy under the statute referred to is exclusive to the owners of inclosures, but has no application to damages sustained by others on account of the negligent and careless maintainance of a cattle guard. The statutes referred to did not in any manner curtail or abrogate the common-law remedy for damages for maintaining dangerous nuisances.

No error appearing, the judgment is affirmed.