MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON,
TRUSTEE, *v.* BRINER.

4-8477                                      209 S. W. 2d 106

Opinion delivered March 8, 1948.

*Henry Donham* and *Richard M. Ryan,* for appellant.

*W. H. Glover,* for appellee.

ED. F. McFADDIN, Justice.    Appellee filed action against appellant for damages, claiming that a train had killed his horse.    A circuit court jury verdict was for appellee; and this appeal ensued.

Appellee lived adjacent to the right of way and main line track of the railroad, and a wire fence along the right of way was the accepted division line. Appellee's horse was in good condition one afternoon, and some time during the night one of appellant's trains was heard to give the stock alarm signal, and the next morning the horse was found dead about 12 feet *outside* of the right of way fence and near the public highway.   Appellee's

theory was that the horse went under the fence at a water gap, and then onto the track, where it was hit by a train. The explanation is not very clear as to how the horse again went under the fence and off of the right of way to the spot by the highway where the body was found. No witness testified that any tracks or other markings showed that the animal, after being struck by the train—if, in fact, it was so struck—dragged itself under the fence and to the spot where it died. Appellant defended on the theory that the horse was hit by a truck on the highway, rather than by appellant's train.

The trial court, at the request of the appellee, gave the following instruction as plaintiff's instruction No. 3:

"You are instructed that if you find from the facts and circumstances as testified to in this case that the animal in question was permitted to enter the defendant's right of way on account of the negligence of the defendant, if any, in failing to keep the fences in proper repair, and was struck by one of the defendant's trains, then you are told and instructed that the defendant would be liable in this case and you will find for the plaintiff."

. To this instruction appellant objected generally and specially. The special objection was that:

". . . there has been no proof whatever that the animal was killed by the operation of a railroad train, and the mere fact that the fence was down, if it was, would not be sufficient to return a verdict against the railroad company in this case."

The special objection pointed out a serious and fatal defect; and the judgment must be reversed because of this erroneous instruction.

It will be observed that this was a binding instruction [1]—i. e., it told the jury that, if only the conditions stated in that one instruction existed, then the jury would return a verdict for the plaintiff. Under this instruction

---

[1] In *Reynolds* v. *Ashabranner*, 212 Ark. 718, 207 S. W. 2d 304, we discussed a "binding instruction" and cited other cases using that expression.

No. 3, the jury was told to return a verdict for the plaintiff, if it found these conditions to exist:

(1) that the horse entered the railroad right of way on account of the appellant's negligence; and

(2) that the horse was struck by a train.

The effect of this instruction was to make the railroad company an insurer of the safety of the animal, if once the animal entered the right of way because of the railroad's negligence in permitting the fence to be in bad condition. The mere statement of such effect shows the inherent vice.

In *Fenton* v. *DeQueen & E. Ry Co.*, 102 Ark. 386, 144 S. W. 192, the plaintiff asked as instruction No. 2 which read:

"If the jury believe from the evidence that the animal in question was injured by defendant's train, you will find for the plaintiff."

Of that instruction, we said:

"Instruction number 2, as requested, was properly refused, since it directed a finding against the defendant if the animal in question was injured by one of its trains, without regard to whether it was negligently done. . . ."

Mr. Justice Kirby also said in that case:

"Instruction No. 4 was subject to like objection, in that it . . . told the jury that if . . . the animal was injured by a train, the presumption would arise that it was negligently done, and (the instruction) directed them to find for the plaintiff. The direction was not proper, since it had the effect to declare the presumption of negligence conclusive."

Likewise, in the case at bar, plaintiff's instruction No. 3 "had the effect to declare the presumption of negligence to be conclusive."

Assuming it to have been the duty of the railroad company to maintain the fence[2], what the plaintiff evi-

_____
[2] See *Railway Co.* v. *Ferguson*, 57 Ark. 16, 20 S. W. 545 and *St. L. I. M. & S. Ry. Co.* v. *Wilson*, 116 Ark. 163, 171 S. W. 471.

dently had in mind in requesting instruction No. 3, was to tell the jury that, if (1) the horse entered the right of way because of the negligence of the railroad company, and (2) was struck by a train, *then the burden would be on the railroad company to show itself free of negligence in striking the horse.* The reason we think appellee intended to conclude as italicized above is, because in his brief he has cited us to *Mo. Pac. R. Co.* v. *Green,* 172 Ark. 423, 288 S. W. 908, and *Little Rock, etc. Ry. Co.* v. *Wilson,* 66 Ark. 414, 50 S. W. 995. In the Green case we held that, when it was proved that the animal was killed by the train, then the burden was on the railroad company to show itself free from negligence. In the Wilson case, after detailing the facts, we said:

". . . there was a *prima facie* case of injury by the railway company, and, in the absence of proof to the contrary, it will be presumed that it was caused through the company's negligence."

These cited cases clearly indicate that the presumption of negligence is not conclusive, but is rebuttable; yet plaintiff's instruction No. 3 made the killing of the animal proof conclusive of the railroad's negligence.

Since the body of the horse was found outside the right of way fence, it was incumbent upon the appellee to establish that the horse was killed by the train before the statutory presumption fixed by § 11152, Pope's Digest, would apply.[3] But if such presumption arises, still, it is one thing to say that the railroad has the "burden of showing that such animal was not negligently killed" (as said in the Green case, *supra*), and quite a different thing to tell the jury to "find for the plaintiff" as plaintiff's instruction No. 3 said in the case at bar.

The judgment is reversed, and the cause remanded.

[3] Cases construing the statutory burden on the railroad company to disprove negligence for stock killed by a train appear in West's Arkansas Digest "Railroads," § 441.