MISSOURI PACIFIC RAILROAD CO. *v.* STROUPE.

5-3150                                        373 S. W. 2d 709

Opinion delivered December 23, 1963.
[Rehearing denied Jan. 27, 1964.]

*William J. Smith* and *William H. Sutton*, for appellant.

*Jack Yates*, for appellee.

FRANK HOLT, Associate Justice. This is an action by the appellee against the appellant for recovery of damages and statutory penalty resulting from the loss of a cow. This action is predicated upon the appellant's failure to construct suitable and safe stock guards as required by statute.[1] Upon a jury trial the appellee was awarded

---

[1] Ark. Stat. Ann. (Repl. 1957).

"73-623. Stock guards required when railroad passes through inclosure—Notice.—It shall be the duty of all railroad companies organized under the laws of this State or any other State, which have constructed or may hereafter construct a railroad which may pass through or upon any inclosed lands of another, whether such lands were inclosed at the time of the construction of such railroad or were inclosed thereafter, upon receiving ten [10] days' notice in writing from the owner or agent of said lands to construct suitable and safe stock guards on either side of said inclosure where said railroad enters said inclosure, and to keep the same in good repair. * * *"

"73-624. Penalty for failure to maintain stock guard.—Any railroad company failing to comply with the requirements of the preceding section shall be liable to the person or persons aggrieved thereby for the actual damages caused to said person or persons by reason of the failure of any railroad company to properly construct, keep and maintain in good repair said stock guards; and in addition to the actual damages, said railroad company shall be liable for a penalty of not less than twenty-five dollars [$25.00] nor more than one hundred dollars [$100.00] for each and every offense; and said penalty may be collected, together with said actual damages, by a civil suit in any court having jurisdiction thereof."

$225.00. On appeal the appellant urges for reversal that under the facts in this case there was no duty upon the Railroad Company to construct and maintain stock guards at the crossing in question.

The appellee owns and operates a dairy farm. His home and barn are situated on thirteen acres on the east side of the railroad tracks. On the west side of the tracks he owns ninety-five acres of pasture land. According to the appellee a public crossing, at or near his farm, was the only way he had of getting his cattle from one side of the tracks to the other. The appellee maintained that he had given proper notice to appellant to restore the cattle guards removed by it in 1957. Appellee testified that on the west side of the railroad his property comes up to the railroad right-of-way where the roadway crosses in an east-west direction. Appellee's wife testified that each day she drove the herd of cattle back and forth across the railroad tracks at this highway crossing and that she had to open a big gate on each side of the tracks. She testified that on this particular day as she was herding the cattle across the tracks some of them strayed up the tracks at the crossing and one of the cows, heavy with calf, fell off the side of the tracks and into a ditch where it died. She testified that she did not know why the cow slipped and fell. The foregoing constituted appellee's pertinent evidence as to an enclosure.

It is our duty as a matter of law to determine the sufficiency of evidence. *St. Louis Southwestern Ry. Co. et al.* v. *Braswell,* 198 Ark. 143, 127 S. W. 2d 637.

Viewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee, as we must do on appeal, *Capital Trans. Co.* v. *Howard,* 217 Ark. 333, 229 S. W. 2d 998, we do not find any substantial evidence that meets the proof required by this statute upon which appellee bottoms his claim. This statute reflects that it is the duty of appellant, upon proper notice, "to construct suitable and safe stock guards on either side of said inclosure *where said railroad enters said inclosure.*" [Emphasis added.] Construing the evidence in the light most favorable to

the appellee it is to the effect that he owned land on both sides of the railroad tracks and that it was necessary to drive his cattle across the tracks at a "public crossing."[2]

In *Missouri Pacific Railroad Co.* v. *Miller,* 185 Ark. 937, 50 S. W. 2d 618, we said:

"* * * The remedy under the statute referred to is exclusive to the *owners of inclosures,* but has no application to damages sustained by others on account of the negligent and careless maintenance of a cattle guard." [Emphasis added.]

Also, see *Chicago, R. I. & P. R. Co.* v. *Fitzhugh,* 82 Ark. 179, 100 S. W. 1149.

This statute does not place any duty upon the railroad to construct stock guards at a public crossing or road. The duty is to construct guards where the railroad enters one's enclosure. There is no substantial evidence presented in the case at bar that appellee is the owner of an enclosure bisected by the railroad. Further, since this statute is in derogation of the common law and penal in nature, we must strictly construe it. *St. Louis Iron Mountain & So. Ry. Co.* v. *Hood,* 67 Ark. 357, 55 S. W. 134.

Inasmuch as it is necessary to reverse the case on the point discussed, we do not reach the other points appellant relies upon for reversal.

The judgment is reversed and the cause remanded.

---

[2] Statutes on "public crossings" are: Ark. Stat. Ann. § 73-1601 *et seq.* and § 76-113 (Repl. 1957). However, such statutes do not appear applicable to the case at bar.